UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

First National Bank (Fulda); First Savings Bank, fsb (Beresford); and BNC National Bank, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs. MINUTE ORDER

American Lenders Facilities, Inc.,

Defendants/
Third-Party Plaintiff,

vs.

Norwest Bank Minnesota, National Association, Inc., a subsidiary of Wells Fargo Company; Dain Rauscher Corp., formerly known as Dain Bosworth, Inc.; Agricultural Excess and Surplus Insurance Co.; and DOES 1-100, inclusive,

Third Party Defendants. Civ. No. 00-269 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 25th day of August, 2000.

* * *

On August 24, 2000, the Court heard argument on the Defendant's Motion to Modify the Pretrial Order. At the time of the Hearing, the Plaintiffs appeared by Shane Anderson, Esq.; the

FILED AUG 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Defendant/Third-Party Plaintiff, American Lenders Facilities, Inc. ("ALFI"), appeared by Robert Maher, Esq.; the Third-Party Defendant, Agricultural Excess and Surplus Insurance, Inc., appeared by Charles Spevacek, Esq.; the Third-Party Defendant, Dain Rausher, appeared by James Langdon, Esq.; and the Third-Party Defendant, Norwest Bank Minnesota, appeared by Charles Webber, Esq.

ALFI filed this Motion, which seeks to modify our Pretrial Order so as to allow more than fifty Interrogatories to be served by any party or, alternatively, to permit it to serve a discovery questionnaire upon each member of the putative class members. In addition, ALFI seeks to modify the Order so as to allow more than fifteen depositions to be taken by any party. The Plaintiff opposes the Motion as unnecessarily allowing pre-Certification discovery of class members. As we stated, at the time of the Hearing, we are not presently able to discern what discovery, if any, would be appropriate at this time, but we cannot foreclose the potential that discovery, as to class members, would assist the Court in considering any forthcoming Motion to Certify a Class. In order to bring the matter to a focal point, we direct ALFI to furnish the other parties with a copy of its proposed Interrogatories, or Questionnaire, and to meet and confer with the Plaintiff to determine whether such Interrogatories would be objectionable. If the parties are unable to amicably resolve this

dispute, then they should reapproach the Court, after submitting the Interrogatories, or Questionnaires, and any objections thereto, to the Court for review.

As to the request to increase the number of depositions allowed to any party, we find the request premature as no depositions have been taken to date. If the currently permitted deposition allotment is unworkable, then the issue can be raised again and, upon a showing of cause, the number of depositions, which may be taken by any party, can be increased.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Modify the Pretrial Order is DENIED as moot.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE