**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

First National Bank (Fulda), Peoples Holding Company, Inc., Commercial Federal Bank, BNC National Bank, Farmers & Merchants State Bank, American Federal Bank, First National Bank of Covey, First National Bank (Chisholm), First National Bank (Pierre), First National Bank of the North, First State Bank of Red Wing, First National Bank (Moline), Northern State Bank of Virginia, Northwoods Bank of Minnesota, Prairie State Bank, Rosemount National Bank, State Bank of LaCrosse, Inc., State Bank of Aurora, Triumph State Bank, Citizens State Bank (Roseau), Community First Financial, Inc., First Federal Bank (Bemidji), First Savings Bank, fsb (Beresford), First State Bank (Sauk Centre), Red River State Bank, State Bank of Delano, and Vermillion State Bank,

Plaintiffs,

v.

American Lenders Facilities, Inc.,

Defendant.

---

American Lenders Facilities, Inc.,

Third-Party Complainant,

v.

Norwest Bank Minnesota, National Association, a subsidiary of Wells Fargo Company; Dain Rauscher Incorporated, formerly known as Dain Bosworth, Inc.; and Agricultural Excess and Surplus Insurance Co., and DOES 1 – 100, inclusive,

Third-Party Defendants.

---

Civil File No. 00-269 JRT/RLE

**STIPULATION OF PARTIES AND ORDER TO ALLOW DEFENDANT/THIRD-PARTY PLAINTIFF AMERICAN LENDERS FACILITIES, INC. TO AMEND ITS THIRD-PARTY COMPLAINT**

FILED OCT 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the parties in the above-entitled action, by and through their undersigned counsel, hereby consent to allow Defendant/Third-Party Plaintiff American Lenders Facilities, Inc. to amend its First Amended Third-Party Complaint to respond to the allegations in the Amended Complaint relating to the First Fidelity 1995-3 Grantor Trust, as reflected in its attached Second Amended Third-Party Complaint.

Dated: 9/28, 2000.

BEST & FLANAGAN LLP

By [signature]
Thomas B. Heffelfinger, #4328X
Marlene A. Yoder, #0290142)
Caryn S. Glover, #183040
Robert D. Maher, #220863
4000 U.S. Bank Place
601 Second Avenue South
Minneapolis, Minnesota 55402
(612) 339-7121

AND

O'MELVENY & MYERS LLP
Philip R. Kaplan
Amy J. Longo
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
(949) 760-9600 (telephone)
(949) 823-6994 (facsimile)

ATTORNEYS FOR DEFENDANT AND
THIRD-PARTY PLAINTIFF

Dated: Oct. 10, 2000.

MACKALL, CROUNSE & MOORE, PLC

By ______________________

Timothy D. Moratzka (#75036)
Shane H. Anderson (#179607)
Scott S. Payzant (#225907)
Lawrence R. Commers (#18235)
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, Minnesota 55402-2859

ATTORNEYS FOR PLAINTIFFS

Dated: 10/17, 2000.

FAEGRE & BENSON, LLP

By ______________________

Charles F. Webber (#215247)
Stephen M. Mertz (#212131)
90 South 7th Street
Minneapolis, Minnesota 55402
(612) 336-3450

ATTORNEYS FOR THIRD-PARTY DEFENDANT NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION

Dated: October 4, 2000.

DORSEY & WHITNEY, LLP

By James K. Langdon

James K. Langdon (#171931)
Mitchell Granberg (#0285687)
220 South 6th Street
Minneapolis, Minnesota 55402
(612) 340-8759

ATTORNEYS FOR THIRD-PARTY DEFENDANT DAIN RAUSCHER, INC.

Dated: Oct. 13, 2000.

MEAGHER & GEER, P.L.L.P.

By [signature]

Charles E. Spevacek (#126044)
Stacy A. Broman (#192454)
Amy J. Woodward (#026166X)
4200 Multifoods Tower
33 South 6th Street
Minneapolis, Minnesota 55402
(612) 338-0661

ATTORNEYS FOR THIRD-PARTY DEFENDANT AGRICULTURAL EXCESS AND SURPLUS INSURANCE CO.

**ORDER**

APPROVED AND SO ORDERED. DEFENDANT AMERICAN LENDER'S FACILITIES, INC. MAY IMMEDIATELY FILE AND SERVE ITS SECOND AMENDED THIRD-PARTY COMPLAINT.

Dated: 10/26, 2000.

BY THE COURT:

Raymond L. Erickson

The Honorable Raymond L. Erickson
United States Magistrate Judge

119264_1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

First National Bank (Fulda), Peoples Holding Company, Inc., Commercial Federal Bank, BNC National Bank, Farmers & Merchants State Bank, American Federal Bank, First National Bank of Covey, First National Bank (Chisholm), First National Bank (Pierre), First National Bank of the North, First State Bank of Red Wing, First National Bank (Moline), Northern State Bank of Virginia, Northwoods Bank of Minnesota, Prairie State Bank, Rosemount National Bank, State Bank of LaCrosse, Inc., State Bank of Aurora, Triumph State Bank, Citizens State Bank (Roseau), Community First Financial, Inc., First Federal Bank (Bemidji), First Savings Bank, fsb (Beresford), First State Bank (Sauk Centre), Red River State Bank, State Bank of Delano, and Vermillion State Bank,

Plaintiffs,

v.

American Lenders Facilities, Inc.,

Defendant.

---

American Lenders Facilities, Inc.,

Third-Party Complainant,

v.

Norwest Bank Minnesota, National Association, a subsidiary of Wells Fargo Company; Dain Rauscher Incorporated, formerly known as Dain Bosworth, Inc.; and Agricultural Excess and Surplus Insurance Co., and DOES 1 – 100, inclusive,

Third-Party Defendants.

---

Civil File No. 00-269 JRT/RLE

**DEFENDANT AMERICAN LENDERS FACILITIES, INC.'S, SECOND AMENDED THIRD-PARTY COMPLAINT FOR EQUITABLE INDEMNITY, TOTAL INDEMNITY, CONTRACTUAL INDEMNITY, CONTRIBUTION AND DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

Defendant/Third-Party Complainant, American Lenders Facilities, Inc. ("ALFI"), through its undersigned counsel, alleges the following:

## PARTIES

1. Defendant/Third-Party Complainant ALFI is a corporation organized under the laws of the State of California, and has its principal place of business located in Irvine, California.

2. ALFI is informed and believes, and on that basis alleges, that Third-Party Defendant Norwest Bank Minnesota, National Association, a subsidiary of Wells Fargo & Company ("Norwest"), is a Minnesota corporation and has its principal place of business in Minneapolis, Minnesota.

3. ALFI is informed and believes, and on that basis alleges, that Third-Party Defendant Dain Rauscher Incorporated, formerly known as Dain Bosworth, Inc. ("Dain") is a Delaware corporation with its principal place of business in Minneapolis, Minnesota.

4. ALFI is informed and believes, and on that basis alleges, that Third-Party Defendant Agricultural Excess and Surplus Insurance Co. ("AESIC") is a South Dakota corporation with its principal place of business in Cincinnati, Ohio.

5. Plaintiffs First National Bank (Fulda), et al., have filed an amended complaint for breach of contract and declaratory judgment (the "Complaint") against Defendant/Third-Party Complainant ALFI, a true and correct copy of which is attached hereto as Exhibit A. The Complaint was initially filed in the Fourth Judicial District Court for the County of Hennepin, in the State of Minnesota, bearing the Case Number 00-421. On February 3, 2000, ALFI removed the action to this Court.

6. Without admitting any of the allegations of said Complaint, and for information purposes only, said Complaint is incorporated herein by this reference as though fully re-alleged and set forth at length. The Complaint alleges generally that ALFI caused Plaintiffs to incur losses on certain securitized vehicle loan pools in which Plaintiffs invested, and with respect to which ALFI is the loan servicer.

7. ALFI has denied and denies Plaintiffs' claims in their entirety. In addition, if the alleged losses and damages did occur, then they occurred as a legal result of the negligence of one or more of the Third-Party Defendants.

8. Third-Party Defendants DOES 1-100, inclusive, are the fictitious names of those Third-Party Defendants whose true names are unknown to ALFI, and whose true capacities, whether as individuals, corporations, partnerships, joint ventures and/or associations, are also unknown to ALFI, and when such true names are ascertained, ALFI will amend this Third-Party Complaint by inserting said true names in the place of said fictitious names in accordance with Federal Rules of Civil Procedure Rule 10. ALFI is informed and believes and thereon alleges, that whenever and wherever in this Third-Party Complaint any Third-Party Defendants are the subject of any charging allegations by ALFI, said DOES are also responsible in some manner for the events and happenings and it shall be deemed that said Third-Party Defendants DOES 1 through 100, inclusive, and each of them, are likewise the subject of said charging allegations herein by ALFI.

9. ALFI is informed and believes, and on that basis alleges, that at all times herein mentioned, Third-Party Defendants DOES 1 though 100 were the agents, servants and employees of their Co-Third-Party Defendants and in doing the things hereafter mentioned, were acting in the scope of their authority as such agents, servants and employees with permission and consent from their Co-Third-Party Defendants.

## JURISDICTION

10. This Court has jurisdiction over Third-Party Complainant ALFI's claims against the Third-Party Defendants on two bases: first, this Court has an independent basis for jurisdiction over these claims pursuant to 28 U.S.C. § 1441(a), because ALFI is diverse from each of the Third-Party Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs; and second, this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367, because these claims are part of the same case and controversy and arise out of a common nucleus of operative facts as the claims in Plaintiffs' Complaint.

## BACKGROUND

11. Beginning in 1992, Defendant/Third-Party Complainant ALFI contracted to provide loan servicing activities for a series of securitized pools of vehicle loans made to borrowers with sub-prime credit. The three securitized loan pools that are the subject of Plaintiffs' Complaint are known as the First Fidelity 1995-1 Grantor Trust (the "1995-1 Trust"), the First Fidelity 1995-2 Grantor Trust (the "1995-2 Trust") and the First Fidelity 1995-3 Grantor Trust (the "1995-3 Trust") (collectively, the "Trusts"). The 1995-1 Trust is governed by a Pooling and Servicing Agreement dated February 1, 1995. The 1995-2 Trust is governed by a Pooling and Servicing Agreement dated June 1, 1995. The 1995-3 Trust is governed by a Pooling and Servicing Agreement dated October 1, 1995 (collectively, the "Agreements").

12. Dain, a brokerage house, underwrote and sold participations in the Trusts to investors, in the form of two classes of certificates, Class A and Class B, through Private Placement Memoranda ("PPMs").

13. Norwest, the Trustee, held the certificates of participation in trust for the investors.

14. The Trusts were protected by several different types of insurance, including risk default insurance, provided by AESIC. Together, the Trusts consist of a pool of 2,117 loans. Of these loans, 2,114 are insured by AESIC risk default insurance policies bearing the policy numbers 1595 and 1617 (the "Policies").[1]

## THE BASES FOR ALFI'S THIRD-PARTY CLAIMS AGAINST NORWEST

15. According to the applicable Agreements, to which Norwest is a party, Norwest is the Trustee of the Trusts, and as such owed the standard fiduciary duties of a trustee to its beneficiaries, the Plaintiffs. Article X of the Agreements also imposes the following explicit responsibilities (among others) on the Trustee:

- The Trustee shall examine reports and documents provided to it under the Agreements to determine whether they conform as to form to the requirements of the Agreements; and

[1] Three of the loans are governed by earlier risk default policies, bearing the policy numbers 1570 and 1583.

- in the event of a default, the Trustee shall, using the same degree of care and skill as a prudent person conducting their own affairs, exercise the Trustee's rights and powers.

16. Under the Agreements, the Norwest is also explicitly liable for negligence, and is charged with the knowledge of any failure by ALFI if any trust officer has actual knowledge or the Trustee receives written notice of such failure.

17. Pursuant to Section 6.8 of the Agreements, Norwest is also the Collateral Agent for the Trusts, responsible for maintaining and overseeing the Cash Collateral Accounts that function as reserves for the Trusts.

18. The Agreements required ALFI (and ALFI complied with such requirement) to deliver to the Trustee a monthly Servicer's Statement containing calculations of payments received, payment allocations, amounts payable to ALFI, the pool balance, realized losses, and repurchases by the Seller. Additionally, ALFI was required to, and did, provide a Servicing Report detailing on a per-receivable basis the collections, dates, amounts, fees, and principal balances.

19. ALFI performed all of its contractual obligations under the Agreements in a good faith, non-negligent manner. ALFI is informed and believes, and on that basis alleges, that if Plaintiffs suffered any recoverable losses from their investment in these Trusts, those losses are attributable, at least in part or in whole, to the negligent conduct of Norwest in its capacity as Trustee, and if ALFI is held responsible for any or all of such losses, Norwest is required to indemnify ALFI in whole or in part, or otherwise contribute, to the compensation for such losses.

## THE BASES FOR ALFI'S THIRD-PARTY CLAIMS AGAINST DAIN

20. According to the applicable PPMs, dated February 23, 1995 (1995-1 Trust), June 6, 1995 (1995-2 Trust), and October 31, 1995 (1995-3 Trust), Third-Party Defendant Dain was the Underwriter of the three Trusts, and marketed and sold them to Plaintiffs through the PPMs, and as such owed the standard due diligence duties of an underwriter to the Plaintiffs, its investors.

21. According to the PPMs, Dain was also the holder of the Class B Certificates, which received monies under the Trusts, subordinate to the rights of Plaintiffs, the Class A Certificateholders.

22. ALFI is informed and believes, and on that basis alleges, that if Plaintiffs suffered any recoverable losses from their investment in these Trusts, those losses are attributable, at least in part or in whole, to the negligent conduct of Dain in its capacity as Underwriter, and if ALFI is held responsible for any or all of such losses, Dain is required to indemnify ALFI in whole or in part, or otherwise contribute, to the compensation for such losses.

**THE BASES FOR ALFI'S THIRD-PARTY CLAIMS AGAINST AESIC**

23. According to the applicable Insurance Policies, Third-Party Defendant AESIC insured the three Trusts, to the limited extent set forth in the Policies, against the risk that the sub-prime borrowers on these high-interest loans would default. ALFI is informed and believes, and on that basis alleges, that AESIC actively participated in the design of the special endorsement to the risk of default insurance that required vehicles repossessed after defaults to be reconditioned and remarketed. ALFI is informed and believes that AESIC assumed a duty to with respect to the purchasers of certificates in the Trusts to design a risk of default program with reasonable care and to implement the program in a reasonable manner.

24. ALFI is informed and believes, and on that basis alleges, that if Plaintiffs suffered any recoverable losses from their investment in these Trusts, those losses are attributable, at least in part or in whole, to the negligent conduct of AESIC in its capacity as Insurer, and if ALFI is held responsible for any or all of such losses, AESIC is required to indemnify ALFI in whole or in part, or otherwise contribute, to the compensation for such losses.

**FIRST CAUSE OF ACTION**
**(Equitable Indemnity)**

25. ALFI incorporates herein by reference the allegations set forth in paragraphs 1 through 24, inclusive.

26. In the event that liability should be established in this action on the part of ALFI, which liability is expressly denied, such liability will arise solely from the conduct and negligence of Third-Party Defendants, and each of them. Third-Party Defendants, and each of them, are therefore bound and obligated to defend, indemnify, and hold harmless ALFI from and against any and all claims, losses, damages, attorneys' fees, judgments and settlement expenses incurred or to be incurred in this action by ALFI.

27. As a further direct and proximate result of the aforesaid primary and improper conduct of Third-Party Defendants, and each of them, ALFI has necessarily retained legal counsel to defend the Complaint and to prepare, file and prosecute this Third-Party Complaint. ALFI has incurred, and will continue to incur, liabilities for attorneys' fees and costs in presently unascertained sums, all according to proof at trial.

WHEREFORE, ALFI prays for judgment against Third-Party Defendants, and each of them, as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Total Indemnity)**

28. ALFI incorporates herein by reference the allegations set forth in paragraphs 1 through 24, inclusive.

29. In the event that liability should be established in this action on the part of ALFI, which liability is expressly denied, such liability will arise solely by reason of the active and primary conduct and negligence of Third-Party Defendants, and each of them. ALFI's conduct is passive and secondary in relation to the conduct of Third-Party Defendants, and each of them. ALFI is therefore entitled to total defense and indemnification by Third-Party Defendants, and each of them, from and against any and all claims, losses, damages, attorneys' fees, judgments and settlement expenses incurred or to be incurred in this action by ALFI.

WHEREFORE, ALFI prays for judgment against Third-Party Defendants, and each of them, as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Contractual Indemnity)**

30. ALFI incorporates herein by reference the allegations set forth in paragraphs 1 through 24, inclusive.

31. ALFI is informed and believes that an express and/or implied contract exists whereby Third-Party Defendants are obligated to indemnify ALFI (either directly or as a third-party beneficiary) in all applicable respects. Third-Party Defendants have breached said contractual obligations.

WHEREFORE, ALFI prays for judgment against Third-Party Defendants, and each of them, as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Contribution and Apportionment)**

32. ALFI incorporates herein by reference the allegations set forth in paragraphs 1 through 24, inclusive.

33. ALFI denies that it either caused or contributed to the damage alleged by Plaintiffs in their Complaint. If, however, it is found that ALFI was responsible under law for any part of the injuries suffered by Plaintiffs, then ALFI herein alleges upon information and belief that the said injuries were solely and/or substantially caused by the negligence, carelessness, recklessness, and willful and wonton misconduct of Third-Party Defendants herein, thereby entitling ALFI to have the quantum of legally responsible conduct of Third-Party Defendants determined by this Court.

34. ALFI further alleges that if Plaintiffs recover any judgment against it, the legally responsible conduct of the Third-Party Defendants herein exceeded that of ALFI. ALFI is therefore entitled to contribution from and an apportionment of the liability of the Third-Party Defendants to the extent that the legally responsible conduct of the Third-party Defendants proximately caused and contributed to any injuries suffered by the Plaintiffs, so that liability is ultimately assessed among the parties in direct proportion to percentages of fault attributable to their conduct, if any.

WHEREFORE, ALFI prays for judgment against Third-Party Defendants, and each of them, as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Declaratory Relief)**

35. ALFI incorporates herein by reference the allegations set forth in paragraphs 1 through 24, inclusive.

36. ALFI is informed and believes, and on that basis alleges, that a determination of the proportionate degrees of liability, if any, of each of ALFI, on the one hand, and the Third-Party Defendants, and each of them, on the other hand, is necessary to protect the rights of ALFI against said Third-Party Defendants, and each of them.

37. An actual controversy has arisen and now exists relating to the legal rights and duties of ALFI and the Third-Party Defendants, and each of them for which ALFI desires a declaration of its rights of indemnification and contribution, including reimbursement of the litigation expenses and attorneys' fees. ALFI has no speedy or adequate remedy at law in that the action against ALFI is presently being prosecuted and threatens to go to judgment, without participation by Third-Party Defendants, and each of them, in proportion to their fault or negligence in producing the injury and damages, if any, of which ALFI complains.

WHEREFORE, ALFI prays for judgment against Third-Party Defendants, and each of them, as hereinafter set forth.

**PRAYER**

WHEREFORE, ALFI demands judgment against Third-Party Defendants, and each of them, as follows:

1. For such amount, if any, ALFI is found liable to Plaintiffs;

2. For equitable contribution against Third-Party Defendants in the event that any amounts are found recoverable from ALFI;

3. For a declaration of the rights and duties between ALFI and Third-Party Defendants in the event that ALFI is held liable to Plaintiffs;

4. For a declaration that the legally responsible conduct of Third-Party Defendants contributed in some percentage or entirely as a proximate cause of Plaintiffs' damages, if any;

5. For a declaration that ALFI be completely indemnified and held harmless against any loss or expenses incurred by reason of the present litigation;

6. For costs of suit and prejudgment interest incurred herein;

7. For reasonable attorneys' fees; and

8. For such other and further relief as the Court may deem just and proper.

Dated: ____________, 2000.

BEST & FLANAGAN LLP

By ________________________________

Thomas B. Heffelfinger, #4328X
Marlene A. Yoder, #0290142)
Caryn S. Glover, #183040
Robert D. Maher, #220863
4000 U.S. Bank Place
601 Second Avenue South
Minneapolis, Minnesota 55402
(612) 339-7121

AND

O'MELVENY & MYERS LLP
Philip R. Kaplan
Amy J. Longo
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
(949) 760-9600 (telephone)
(949) 823-6994 (facsimile)

ATTORNEYS FOR DEFENDANT AND
THIRD-PARTY PLAINTIFF

14520-200327/119270