UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

First National Bank (Fulda); First Savings Bank, fsb (Beresford); and BNC National Bank, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

MINUTE ORDER

American Lenders Facilities, Inc.,

Defendants/
Third-Party Plaintiff,

vs.

Norwest Bank Minnesota, National Association, Inc., a subsidiary of Wells Fargo Company; Dain Rauscher Corp., formerly known as Dain Bosworth, Inc.; Agricultural Excess and Surplus Insurance Co.; and DOES 1-100, inclusive,

Third Party Defendants. Civ. No. 00-269 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 9th day of November, 2000.

* * *

On November 9, 2000, the Court heard argument on the Defendant's Renewed Motion to Modify the Pretrial Order. At the time of the Hearing, the Plaintiffs appeared by Shane H. Anderson, Esq.;

FILED NOV 09 2000
FRANCIS E. DOSAL, CLERK

the Defendant/Third-Party Plaintiff American Lenders Facilities, Inc. ("ALFI"), appeared by Caryn S. Glover, Esq.; the Third-Party Defendant Agricultural Excess and Surplus Insurance, Inc., appeared by Stacy Broman, Esq.; the Third-Party Defendant Dain Rausher, appeared by James K. Langdon, Esq.; and the Third-Party Defendant Norwest Bank Minnesota, N.A., Inc., a subsidiary of Wells Fargo Company, appeared by Charles F. Webber, Esq. We deny the Motion as pre-mature.

ALFI filed this Motion, which seeks to modify our Pretrial Order so as to allow more than fifty Interrogatories to be served by any party, and to permit it to serve specified Interrogatories upon each member of the putative class. ALFI argues that these Interrogatories are necessary because it believes that the named-Plaintiffs cannot satisfy the requirements for class certification under Rule 23, Federal Rules of Civil Procedure. In August of 2000, when it originally brought this Motion, we directed ALFI to furnish the other parties with a copy of its proposed Interrogatories, and to meet and confer with the Plaintiffs, so as to determine whether the proposed Interrogatories were objectionable. The parties have done so, and have agreed on a number of acceptable Interrogatories which, we understand, have been served upon the putative class members. However, there are a number of other

Interrogatories which ALFI wishes to serve upon the putative class members, and which the Plaintiffs regard as inappropriate.

According to the Record submitted, ALFI has conducted little, if any, discovery as to the named class representatives, and this circumstance has been unchanged since ALFI last brought the same Motion before us two months ago. Nor has there been any attempt, by any of the parties, to define a suitable class for potential certification purposes. We conclude that ALFI should first discover as the named-Plaintiffs, so as to determine their suitability for Rule 23 purposes, and if further discovery is needed, as to putative class members, then the issue can be addressed with some particularization. Instead, ALFI appears content to defer the most critical discovery, for purposes of determining the suitability of a class mechanism, in order to pursue discovery as to putative class members which the Plaintiffs regard as a veiled attempt to discourage those persons from opting into the class. We need not now decide the verity of the Plaintiffs' concerns, in that regard, but we join in the Plaintiffs' view that ALFI's discovery is currently misdirected.

According to Rule 23, the Plaintiffs bear the burden of demonstrating the propriety of proceeding as a class. If, as ALFI contends, the putative class members have interests atypical of those of the class representatives, then it strikes us that the

appropriate means of raising that objection to certification would be to determine the characteristics of the named Plaintiffs were either favor or disfavor certification, and then, if warranted, seek a class definition which excludes the claims, or defenses, as to putative class members, which are not shared by the representative Plaintiffs. Accordingly, we see no merit, at this juncture, to the discovery of the putative class that ALFI proposes, and we deny their Motion, again, as premature, at best.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Modify the Pretrial Order [Docket No. 49] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE