UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

First National Bank (Fulda); First Savings Bank, fsb (Beresford); and BNC National Bank, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs. MINUTE ORDER

American Lenders Facilities, Inc.,

Defendants/
Third-Party Plaintiff,

vs.

Norwest Bank Minnesota, National Association, Inc., a subsidiary of Wells Fargo Company; Dain Rauscher Corp., formerly known as Dain Bosworth, Inc.; Agricultural Excess and Surplus Insurance Co.; and DOES 1-100, inclusive,

Third Party Defendants. Civ. No. 00-269 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 8th day of June, 2001.

* * *

On June 7, 2001, the Court heard argument on the Plaintiffs' Motion to Modify the Pretrial Order. At the time of the Hearing, the Plaintiffs (collectively, "FNB") appeared by Lawrence R. Commers, Esq.; the Defendant/Third-Party Plaintiff American Lenders

FILED JUN 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

Facilities, Inc., appeared by Caryn S. Glover, Esq.; the Third-Party Defendant Agricultural Excess and Surplus Insurance, Inc., appeared by Charles E. Spevecek, Esq.; and the Third-Party Defendant Dain Rauscher, appeared by James K. Langdon, Esq. The Third-Party Defendant Norwest Bank Minnesota, N.A., Inc., a subsidiary of Wells Fargo Company, did not appear at the Hearing, but had previously advised the Court that it has no objection to the Plaintiffs' Motion.[1] For reasons discussed during the course of the Hearing, and briefly reiterated below, we deny the Motion.

FNB seeks a ninety day extension of the deadlines in the Pretrial Order. Currently, the expert disclosure deadline in this case is June 1, 2001, for the Plaintiffs, and July 1, 2001, for the Defendants; the discovery deadline is October 1, 2001; the dispositive Motion date is December 1, 2001; and the Ready for Trial date is March 1, 2002. These deadlines were set in May of 2000. As support for this Motion, FNB asserts that, due to the thousands of relevant documents that have been produced, they have been unable to complete an analysis of all the underlying information, and have, therefore, been unable to serve their expert disclosures in accordance with the present Pretrial Order. Moreover, the parties have recently sought the Court's assistance in settling this case,

---

[1]Neither the Defendant, nor the Third Party Defendants, oppose the Plaintiffs' Motion.

and would like to extend the pretrial deadlines by ninety days in order to avoid the cost of experts, if possible. Finally, Third-Party Defendant Dain Rauscher has also submitted a Motion to Dismiss to the United States District Court, the Honorable John R. Tunheim presiding, which was heard on May 25, 2001, and believes that waiting until the Motion is decided may save them additional costs. Based upon these circumstances, FNB believes that an extension of the deadlines in the Pretrial Order is warranted, and that an additional ninety days would allow them sufficient time to complete discovery.

At this point, and on the Record presented to us, an amendment to the Pretrial Order is premature, with the exception of the expert disclosure dates. The discovery deadline in this case is currently still three and one-half months distant, and yet, the parties are requesting another three months of discovery after that deadline. Unfortunately, the parties have provided us with scant reason to allow a conclusion that an extension is necessary or, if one is necessary, what would be an appropriate extension.[2] While it is clear that the parties will need an extension of the deadline

[2]While the Plaintiffs did submit a Statement, in accordance with D. Minn. L.R. 16.3, regarding what discovery has been completed in this case, and what discovery is still outstanding, their recitation was vague, at best.

for expert disclosures, they have failed to present any information that would responsibly allow us to set a new deadline.

As we related at the Hearing, even when the parties all agree, the Scheduling Order of the Court is subject to modification only upon a showing of good cause that the extensions are necessary for reasons other than the parties' lack of due diligence. Fully one year having expired, since our Scheduling Order issued, we believe that the parties have an obligation to inform the Court, in a particularized manner, what they have accomplished to date, and what reasonably remains to be done. This they have not done. Therefore, we direct the parties to "meet and confer" as to what discovery remains outstanding, and how much time will reasonably be needed to complete that discovery. They should similarly discuss how much of an extension they will reasonably need for their respective expert disclosures. Thereafter, if still desirous of an extension, they should provide the Court with good cause for the same. Until then, the Plaintiffs' Motion is denied.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Modify the Pretrial Order [Docket No. 72] is DENIED, without prejudice to its renewal.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE