**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

FIRST NATIONAL BANK (Fulda), *et al.*,

Plaintiffs,

v.

AMERICAN LENDERS FACILITY, INC.,

Defendant and Third-Party Plaintiff,

v.

NORWEST BANK MINNESOTA, National Association, Inc., a subsidiary of Wells Fargo Company; DAIN RAUSCHER, INC., f/k/a Dain Bosworth, Inc.; AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY; and DOES, 1-100, inclusive,

Third-Party Defendants.

Civil No. 00-269 (JRT/RLE)

**MEMORANDUM OPINION AND ORDER DENYING THIRD-PARTY DEFENDANT DAIN RAUSCHER'S MOTION TO DISMISS**

---

Thomas B. Heffelfinger, Caryn S. Glover, Robert D. Maher, Marlene A. Petersen, BEST & FLANAGAN LLP., 4000 U.S. Bank Place, 601 Second Avenue South, Minneapolis, MN, 55402; and Philip R. Kaplan, Amy J. Longo, O'MELVENY & MYERS LLP., 610 Newport Center Drive, 17th Floor, Newport Beach, California, 92660, for defendant and third-party plaintiff American Lenders Facilities Inc.

James K. Langdon II and Mitchell Granberg, DORSEY & WHITNEY LLP., Pillsbury Center South, 220 South Sixth Street, Minneapolis, MN, 55402-1498, for third-party defendant Dain Rauscher.

This matter is before the Court on the motion of third-party defendant Dain Rauscher ("Dain") to dismiss the claims asserted against it by defendant and third-party

SEP 2 5 2001
FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

plaintiff American Lenders Facilities Inc. ("ALFI"). For the reasons that follow, the Court denies Dain's motion.

## BACKGROUND

Beginning in 1992, ALFI contracted to provide loan servicing activities for a series of securitized pools of vehicle loans made to borrowers with sub-prime credit.[1] The three securitized loan pools that are the subject of plaintiffs' complaint are known as the First Fidelity 1995-1 Grantor Trust, the First Fidelity 1995-2 Grantor Trust and the First Fidelity 1995-3 Grantor Trust. Each trust is governed by a separate Pooling and Servicing Agreement.[2]

The Pooling and Servicing Agreements set forth the obligations of various parties, including ALFI, in connection with the collection and distribution of proceeds from the underlying auto loans, repossession of sale proceeds, and insurance proceeds. The expectation of the parties was that the Trusts would generate a steady stream of payments from the loan portfolios to the holders of the certificates. However, beginning in 1996 and continuing thereafter, the Trusts failed to generate the level of returns plaintiffs had expected.

---

[1] The securitization of automobile loans is accomplished by pooling individual loans and selling participation interests in the proceeds generated by the pools. In this case, First Fidelity Acceptance Corporation bought from dealers and then "pooled" hundreds of loans. It then sold those pools, through subsidiaries, to the various trusts listed above. Certificates representing participation in the principal and interests and other proceeds to be generated from the servicing of the loans held by each trust were then issued as investments.

[2] The 1995-1 Trust is governed by a Pooling and Servicing Agreement dated February 1, 1995. The 1995-2 Trust is governed by a Pooling and Servicing Agreement dated June 1, 1995. Finally, the 1995-3 Trust is governed by a Pooling and Servicing Agreement dated October 1, 1995.

As a result, plaintiffs sued ALFI, claiming that the poor performance of the Trusts was the result of ALFI's failure to properly perform its contractual obligations, including, among other things, failing to repossess vehicles within a reasonable time of default, failing to sell repossessed vehicles within a reasonable time, failing to maximize the selling price received for repossessed vehicles, and failing to maximize the amounts recoverable from insurance.

Thereafter, ALFI filed a third-party complaint against several parties, including Dain, for claims of indemnity, contribution and declaratory relief. According to the Second Amended Third-Party Complaint, Dain, a brokerage house, underwrote and sold participations in the Trusts to investors, in the form of two classes of certificates, Class A and Class B, through Private Placement Memoranda ("PPMs"). ALFI alleges that Dain was negligent in carrying out its due diligence duties as underwriter and that ALFI is entitled to indemnity or contribution from Dain or a declaration of such rights for any losses plaintiffs may have incurred.

## ANALYSIS

### I. Standard of Review

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A claim may be simple and informally pleaded, with few factual averments.

When analyzing a motion to dismiss, the Court presumes all facts alleged in the complaint to be true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The complaint must be liberally construed and viewed in the light most favorable to the plaintiff. *Id.* The Court will dismiss a complaint only when it appears the plaintiff cannot prove any

set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Ossman v. Diana Corp.*, 825 F. Supp. at 880 (D. Minn. 1993) (dismissal is proper only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.").

## II. Dain's Motion to Dismiss

In its Second Amended Third-Party Complaint, ALFI alleges that if plaintiffs suffered any recoverable losses from their investment in these Trusts, such losses are attributable, in whole or in part, to the negligent conduct of Dain, the underwriter of the three Trusts. It is the underwriter's responsibility to insure the accuracy of the registration statement. Underwriters also play an important role in pricing the offering and marketing the trusts. In addition, underwriters sometimes place persons on the board of directors of a company whose trusts they have underwritten. Moreover, underwriters may invest in the issuer's trusts. And even if an underwriter does not invest in the issuer's trusts, it will likely be the dominant force in trading the trusts. *In re Gap Stores*, 79 F.R.D. 283, 300 n.19 (N.D. Cal. 1978).

Dain alleges that indemnity is barred because there was not an express or implied contract. In addition, Dain claims that there are no grounds for equitable indemnity. Dain also alleges that it does not owe any contribution to ALFI because there was no common liability between the parties. Finally, Dain alleges that there is no need for declaratory relief because neither indemnity nor contribution apply.

ALFI alleges that discovery may lead to evidence that will show an implied contract of indemnity, or that equitable indemnity is met because Dain had continuous

involvement through the post-sales period. In the alternative, ALFI alleges that discovery may show common liability due to Dain's involvement in the underwriting and post-sales period. Finally, ALFI alleges that a claim for declaratory relief was properly pled.

Upon consideration and review, the Court concludes that dismissing Dain as a third-party defendant at this time would be premature. The Court cannot find that there are no set of facts that could support a claim against Dain which would entitle ALFI to the relief it seeks. There is the potential for negligence by Dain, which could have occurred anywhere during the underwriting process, during the selling of the trusts, or during post-sales activities. As such, ALFI should be allowed further discovery on this claim. Although ALFI's claim against Dain may not survive a subsequent dispositive motion, the claim is sufficient to survive at this point. Accordingly, the Court denies Dain's motion to dismiss.

**ORDER**

Based upon all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Dain's motion to dismiss [Docket No. 64] is **DENIED.**

DATED: Sept. 25, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500