UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

First National Bank (Fulda); First Savings Bank, fsb (Beresford); and BNC National Bank, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

MINUTE ORDER

American Lenders Facilities, Inc.,

Defendants/
Third-Party Plaintiff,

vs.

Norwest Bank Minnesota, National Association, Inc., a subsidiary of Wells Fargo Company; Dain Rauscher Corp., formerly known as Dain Bosworth, Inc.; Agricultural Excess and Surplus Insurance Co.; and DOES 1-100, inclusive,

Third Party Defendants.

Civ. No. 00-269 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of October, 2001.

* * *

On October 4, 2001, the Court heard argument on the Plaintiffs' renewed Motion to Modify our Pretrial Order so as to Extend the Discovery Dates. At the time of the Hearing, the Plaintiffs appeared by Shane H. Anderson and Lawrence R. Commers, Esqs.; the

FILED OCT 04 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

Defendant appeared by Philip R. Kaplan and Amy J. Longo, Esqs.; the Third-Party Defendant Norwest Bank Minnesota, National Association, Inc., a subsidiary of Wells Fargo Company, appeared by Charles F. Webber, Esq.; the Third-Party Defendant Dain Rauscher Corp., formerly known as Dain Bosworth, Inc. ("Dain Rauscher"), appeared by James K. Langdon, II, Esq.; and the Third-Party Defendant Agricultural Excess and Surplus Insurance Company appeared by Stacy A. Broman and Frederick S. Fields, Esqs. For reasons expressed at the close of the Hearing, and briefly reiterated here, we grant the Motion in part.

By Order dated May 30, 2000, we established the pretrial deadlines in this action after consultation with the parties. Discovery was set to close on October 1, 2001, the nondispositive Motion deadline was set for November 1, 2001, the dispositive Motion deadline was established as December 1, 2001, and the "Ready for Trial" date was set for December 1, 2001, or for thirty-days after the Court should render a decision on any then pending dispositive Motion. In August, and in October of 2000, the Defendant moved to modify the terms of that Order so as to allow discovery as to class representatives, and putative class members. On each occasion, we issued a decision on the same date on which the Hearing on the Motion was concluded.

Almost a full year after our original Scheduling Order -- that is, on May 10, 2001 -- the Plaintiffs moved to extend the discovery deadlines and other dates but, by Letter Order of May 14, 2001, that Motion was struck for noncompliance with our Local Rules. Two days later, on May 16, 2001, the Plaintiffs renewed their Motion to extend all of the deadlines by a period of ninety-days, because "thousands of documents" were being produced that needed to be reviewed, because settlement discussions were being contemplated, and because Dain Rauscher had moved to dismiss the Second Amended Third-Party Complaint. The Defendants, and Third-Party Defendants, did not oppose the Plaintiffs' Motion to extend the deadlines. Again, at the close of the Hearing on the Plaintiffs' Motion, we issued an Order which denied the Motion as premature, since the discovery, and subsequent deadlines, which they sought to extend, would not expire, at the earliest, until the passage of three additional months.

In our Order of June 8, 2001, which generally denied the Plaintiffs' request to extend the deadlines, we expressed concern over the request to modify the expert disclosure deadlines, as the disclosure deadline had already expired for the Plaintiffs on June 1, 2001 -- without the Plaintiff having produced any expert disclosures -- and would expire on July 1, 2001, with respect to the

Defendants' disclosures. With respect to those disclosure deadlines, our Order stated:

> While it is clear that the parties will need an extension of the deadline for expert disclosures, they have failed to present any information that would responsibly allow us to set a new deadline.

We went on to add:

> As we related at the Hearing, even when the parties all agree, the Scheduling Order of the Court is subject to modification only upon a showing of good cause that the extensions are necessary for reasons other than the parties' lack of due diligence. Fully one year having expired, since our Scheduling Order issued, we believe that the parties have an obligation to inform the Court, in a particularized manner, what they have accomplished to date, and what reasonably remains to be done. This they have not done. Therefore, we direct the parties to "meet and confer" as to what discovery remains outstanding, and how much time will reasonably be needed to complete that discovery. They should similarly discuss how much of an extension they will reasonably need for their respective expert disclosures. Thereafter, if still desirous of an extension, they should provide the Court with good cause for the same. Until then, the Plaintiffs' Motion is denied.

Our directives plainly fell upon the disinterested. Fully three months expired before the Plaintiffs' current, "renewed" Motion was filed with the Court.

In support of their renewed Motion, the Plaintiffs represent, and the Defendant generally agrees,[1] that the Court's conduct of two Settlement Conferences, at the behest of the parties, caused their attention to divert from their pretrial obligations to prepare their respective cases for Trial. We did conduct Settlement Conferences in this matter on July 24, 2001, and on August 10, 2001. At the first Settlement Conference, the Plaintiffs were unable to compute their claimed damages with any accuracy and, obversely, the Defendants and Third-Party Defendants were unable to identify the extent of their monetary exposure, if liability were found against them. We found the parties' mutual state of oblivion to be as amazing, as it was disconcerting. We deal here with seasoned Trial counsel, not with the uninitiated in matters of complex litigation.

Finding no party who was prepared to discuss settlement in any meaningful way, we adjourned the Settlement Conference, and reconvened the negotiations, at the parties' behest, on August 10, 2001. Again, we were confronted with vague imaginings as to the scope of damages, or the scope of exposure -- as pertinent to a party's individual perspective. For any party in this litigation to argue that those settlement negotiations were conducted in good

---

[1]The Third-Party Defendants have not responded to the Plaintiffs' Motion.

faith -- as both the Plaintiffs and Defendant espouse -- or to assert that those negotiations should have detained the progress of this case toward Trial, is sheer whimsy. In our Order of June 8, we implicitly rejected the notion that the deadlines in this case should be abated so as to allow settlement discussions to proceed. More importantly, no party requested a stay in the proceedings so as to allow settlement to be explored. Lest there is any conceivable doubt to the contrary, we expressly find, given our close involvement in the Mediation proceedings, that the Settlement Conferences were starkly ineffectual in advancing any productive purpose other than to allow informal discovery on subjects that the parties had not actively pursued on a formal basis. Unfortunately, the actual products of those negotiations were waste and delay.

Beyond the excuse of the Settlement Conferences, the Plaintiffs now complain that the Defendant, and Third-Party Defendants, have failed to properly discover, and that voluminous documents remain to be reviewed. We look, in vain, for any Motion to Compel discovery by any party, and we reiterate our frustration that, nothwithstanding the engagement of experienced legal counsel, discovery in this action, without any justification, is in its infancy. Depositions have been postponed, continued, and delayed. Now, as an apparent last resort, the Plaintiffs urge that the catastrophic circumstances of September 11, 2001, will cause addi-

tional delays. We would have no reluctance to extend deadlines caused by such disastrous circumstances, but the indisputable fact is that the parties' lethargy as to their discovery obligations was a <u>fait accompli</u> before September 11.

As we related at the Hearing, the parties' conduct is most distressing to the Court. Our Pretrial Order of May 30, 2000, expressly provided as follows:

> The period during which the parties may conduct discovery shall terminate on **October 1, 2001.** Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Schedule will not be recognized.

[Emphasis in original].

Notwithstanding the prohibitions contained in this advisory, counsel for the parties have routinely contravened the provisions of the Court's Pretrial Schedule and, by every appearance, deem that disdain acceptable so long as the opposing parties have no objection.[2] Understandably, the parties' advance no legal authority to

[2]The moving papers make clear that the violations of this Court's Scheduling Order are not the product of inadvertence, or oversight, but suggest contumacy. We make no such finding, on the (continued...)

support their ostensible view that the litigants, and not the Court, control the progress of this action to Trial. See, Archer Daniels Midland Co. v. Aon Risk Services, Inc., 187 F.R.D. 578, 583 (D. Minn. 1999)("The accessibility of the Courts would have no particular societal benefit if the actions so filed were not able to be timely brought to Trial.").

In order to maintain the integrity of the Court processes, we grant the Plaintiffs' Motion to Extend Deadlines, so as to allow the Plaintiffs to serve their expert disclosures by no later than **November 1, 2001**. In turn, the Defendants, and Third-Party Defendants, shall have until **November 15, 2001**, to serve their expert disclosures. No further discovery will be allowed. Failure to serve adequate expert disclosures will result in the sanctions enumerated in Rule 37(c), Federal Rules of Civil Procedure, as the Court should find warranted, inclusive of, but not limited to, the striking of the offending party's expert opinion evidence. We further grant the Plaintiffs' Motion so as to extend the nondispositive Motion deadline to **November 20, 2001**. The failure of any party to disclose, on a timely pretrial basis, relevant evidence or documents, that the party intends to offer at the time of Trial,

---

[2](...continued)
scant Record presented, but we forewarn that continued conduct of the same ilk will be at the parties' peril.

will result in the exclusion of that evidence. The failure of a party to disclose relevant evidence or documents, without substantial justification, which advance the interests of an opposing party, will result in a spoliation instruction, and such other sanctions as the Court should find warranted, inclusive, but not limited to, the striking of claims or defenses of the offending party, as appropriate. The dispositive Motion deadline will remain at **December 1, 2001**, and this case shall be "Ready for Trial" on **December 1, 2001, or thirty days after the Court renders a decision on any then pending dispositive Motion.** In all other respects, the Plaintiffs' Motion is denied.[3]

NOW, THEREFORE, It is --

---

[3]We are mindful that, on September 24, 2001, the Plaintiffs filed a letter, that had been served upon the remaining parties, advising of their intention to file a Motion to certify a class. See, D. Minn. LR7.1(b)(2)(A). We express no view as to whether the Motion is seasonable, see Rule 23(c)(1), Federal Rules of Civil Procedure (Motions to certify are to be filed "[a]s soon as practicable after the commencement of an action brought as a class action"), but address the matter to reflect that we have considered the potential, not voiced by any party, that the preclusion of discovery, after the ordered deadline of October 1, 2001, could proscribe the Defendant's and Third-Party Defendants' opportunity to discover on the class certification issue. However, by Minute Orders dated August 25, and November 11, 2001, we addressed the propriety of class discovery, and directed the Defendant to conduct discovery as to the named class representatives, which had not been commenced at that time. If any class discovery was denied to the Defendants, or to Third-Party Defendants, it would be solely attributable to the abandonment of any such discovery by the party affected.

ORDERED:

That the Plaintiffs' Renewed Motion to Modify Pretrial Order to Extend Discovery and Other Dates [Docket No. 87] is GRANTED in part, and DENIED in part, as more fully explained in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE