**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

First National Bank (Fulda), First Savings Bank, fsb (Beresford), and BNC National Bank, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

American Lenders Facilities, Inc.

Defendants.

**Court File No.: CT 00-269 JRT/RLE**

**ORDER CERTIFYING CLASS, PRELIMINARY APPROVAL OF SETTLEMENT AND SETTLEMENT HEARING**

---

American Lenders Facilities, Inc.

Third-Party Complainant,

v.

Norwest Bank Minnesota, National Association, Inc., a subsidiary of Wells Fargo Company; Dain Rauscher Corp., formerly known as Dain Bosworth, Inc.; and Agricultural Excess and Surplus Insurance Co., and DOES 1-100, inclusive,

Third-Party Defendants.

---

Based on the filings and proceedings herein, and appearance and argument of counsel, IT IS ORDERED:

1. **Class Certification.** Court File No. CT 00-269 JRT/RLE, First National Bank (Fulda), First Savings Bank, fsb (Beresford) and BNC National Bank, on behalf of themselves and all others similarly situated, Plaintiffs v. American Lenders Facilities, Inc., Defendants, shall be maintained as a class action on behalf of the following class of plaintiffs.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

All Certificate Holders that own Class A Certificates representing undivided interests in the First Fidelity 1995-1 Grantor Trust, the First Fidelity 1995-2 Grantor Trust, and the First Fidelity 1995-3 Grantor Trust. This class shall be divided into the following three subclasses:

- All Class A Certificate Holders in the First Fidelity 1995-1 Grantor Trust;
- All Class A Certificate Holders in the First Fidelity 1995-2 Grantor Trust; and
- All Class A Certificate Holders in the First Fidelity 1995-3 Grantor Trust.

2. **Class Representative; Class Counsel**. First National Bank (Fulda), First Savings Bank, fsb (Beresford), and BNC National Bank are designated as class representatives. First National Bank (Fulda) is also designated as the representative for the subclass consisting of all Class A Certificate Holders in the 1995-1 Grantor Trust; First Savings Bank, fsb (Beresford) is also designated as the representative for the subclass consisting of all Class A Certificate Holders in the 1995-2 Grantor Trust; and BNC National Bank is also designated as the representative for the subclass consisting of all Class A Certificate Holders in the 1995-3 Grantor Trust. Lawrence R. Commers, Timothy D. Moratzka and Shane H. Anderson, Mackall, Crounse & Moore, 1400 AT&T Tower, 902 Marquette Avenue, Minneapolis, Minnesota 55402 are designated as counsel for the class.

3. **Proposed Settlement**. The proposed settlement between the Plaintiff Class and the Defendants appears, upon preliminary review, to be within the range of reasonableness and accordingly, the Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing, a copy of which is attached hereto as Attachment A,

shall be submitted to the class members for their consideration and for hearing under Fed. R. of Civ. P. 23(e).

4. **Hearing**. A hearing shall be held in Courtroom 13, United States District Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, at 9:00 a.m. on the 5th day of September, 2002, to consider whether the settlement should be given final approval.

(a) Class members who want to object to the settlement must submit an objection in writing to the Clerk of District Court, U.S. District Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415. The objection must be received by the Clerk of Court on or before August 29, 2002. Copies of the objections must also be served on the following attorneys by the same date:

<u>Plaintiffs' Counsel</u>
Lawrence R. Commers, Esq.
Shane H. Anderson, Esq.
Timothy D. Moratzka, Esq.
Mackall, Crounse & Moore
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402

<u>Defendant's Counsel</u>
Philip R. Kaplan, Esq.
Amy J. Longo, Esq.
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660

Any objection must include the name and number of the case and a statement of the reasons why the class member believes that the Court should find the proposed settlement is not in the best interests of the class. Class members filing an objection and wishing it to be considered, <u>must</u> appear at the hearing before

Judge John R. Tunheim on September 5, 2002. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

(b) Counsel for the Class and for the Defendants should be prepared at the hearing to respond to objections filed by such class members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved.

6. **Notice.** The Court approves, as to form and content, the Notice submitted along with the Motion for Certification of a Settlement Class and Preliminary Approval of Settlement Agreement, and finds that the mailing to all class members by first class mail meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and shall constitute due and sufficient notice to all persons entitled thereto. Counsel for the Plaintiffs shall by no later than July 22, 2002, cause such Notice to be mailed in the name of the Clerk by first class mail, postage prepaid, to all class members.

7. **List of Class Members.** Counsel for the Class shall cause to be filed with the Clerk on or before July 26, 2002, an Affidavit identifying the persons to whom the Notice has been mailed.

Dated: July 16, 2002.

UNITED STATES DISTRICT JUDGE

SHA/jas/624273.2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

First National Bank (Fulda), First Savings Bank, fsb (Beresford), and BNC National Bank, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

American Lenders Facilities, Inc.

Defendants.

**Court File No.: CT 00-269 JRT/RLE**

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND SETTLEMENT HEARING**

---

American Lenders Facilities, Inc.

Third-Party Complainant,

v.

Norwest Bank Minnesota, National Association, Inc., a subsidiary of Wells Fargo Company; Dain Rauscher Corp., formerly known as Dain Bosworth, Inc.; and Agricultural Excess and Surplus Insurance Co., and DOES 1-100, inclusive,

Third-Party Defendants.

---

**Please Read This Notice Carefully**
**Purpose of This Notice.**

A proposed settlement has been reached of all claims brought by Plaintiffs First National Bank (Fulda), First Savings Bank, fsb (Beresford), and BNC National Bank, on behalf of themselves and all others similarly situated, against American Lenders Facilities, Inc. ("ALFI"), Case No. CT-00-269, now pending in the United States District Court for the District of Minnesota. The purpose of this Notice is to inform you of the proposed settlement of this action and a hearing to consider the reasonableness and fairness of the settlement to be held on

Attachment A

September 5, 2002 at 9:00 a.m. before Judge John R. Tunheim in Courtroom 13, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, and how to participate in the settlement, how to object to it if you wish, and how to get more information about it.

You are being sent this notice because you appear to be a member of the class. This Notice explains the nature of the lawsuit and the terms of the proposed settlement, and informs you of your legal rights and obligations.

**Description of the Litigation**

Plaintiffs First National Bank (Fulda), First Savings Bank, fsb (Beresford), and BNC National Bank filed a class action against American Lenders Facilities, Inc. ("ALFI"). The class action lawsuit was brought on behalf of all Certificate Holders that own Class A Certificates representing undivided interests in the First Fidelity 1995-1 Grantor Trust ("the 1995-1 Trust"), the First Fidelity 1995-2 Grantor Trust ("the 1995-2 Trust"), and/or the First Fidelity 1995-3 Grantor Trust ("the 1995-3 Trust").

Each of these Trusts was established pursuant to the terms of a Servicing Agreement with an original balance of Receivables of $6,203,275, $10,450,438, and $7,050,028, respectively. These Receivables represent pooled sub-prime automobile loans. Under the terms of the Class A Certificates and the Servicing Agreement, each Class A Certificate Holder was entitled to receive monthly distributions of the unpaid principal balance of the Receivables plus interest at a specified pass-through rate. The amount of distributions to which each Class A Certificate Holder is entitled is based upon its pro rata interest in the receivables pool(s).

By written contract, ALFI agreed to undertake the obligations of Servicer with respect to the Trusts. As Servicer, ALFI was responsible (among other things) for the (1) collection of principal and interest due under the installment sales contracts, (2) the enforcement of the terms

of the installment sales contracts and security agreements in the event of a default by the borrowers, (3) the repossession, reconditioning and remarketing of the motor vehicles securing the contracts in the event of default, and (4) the processing and collection of applicable insurance claims. Plaintiffs allege that ALFI failed to properly carry out its responsibilities and obligations as Servicer with respect to each of the three Trusts. The Complaint further alleges that, as a result, ALFI breached its contract, causing each Class A Certificate Holder to incur losses, representing unpaid distributions from the Trusts. The Amended Complaint alleged that, collectively, these losses exceed $3,000,000.

ALFI denied the allegations of the Amended Complaint and has contended, among other things, that it complied with all of its obligations as Servicer. ALFI also joined three entities as third party defendants in this action: Norwest Bank Minnesota, now known as Wells Fargo Company, the Trustee of the 1995-1, 1995-2 and 1995-3 Trusts; Dain Rauscher Corporation, formerly known as Dain Bosworth, an entity that marketed and sold the Class A Certificates; and Agricultural Excess and Surplus Insurance Co. (AESIC), the insurer providing "risk default insurance" to the majority of the pooled loans. ALFI has not reached any settlement with these third party defendants. Each of the third party defendants moved for summary judgment in its favor and against ALFI. Those motions are pending before the Court. Resolution of these motions will have no direct effect on the settlement.

**The Class**

For purposes of the settlement of this action, the Court has preliminarily certified a class, divided into subclasses, consisting of all Class A Certificate Holders in the 1995-1, 1995-2 and 1995-3 First Fidelity Grantor Trusts. If you fit within this definition, you will be considered a member of the class. For you to share in the benefits of the settlement, once it is finally

approved by the Court, you need to complete and return a release and claim form, as described more fully below.

## No Admission of Liability

By settling this lawsuit, ALFI is not admitting it has done anything wrong, but it recognized the risks and expenses inherent in further complex litigation. The Court has not made any decision concerning the merits of the lawsuit.

## The Proposed Settlement

The parties have agreed to the settlement described below.

ALFI agreed to establish a Settlement Fund consisting of the settlement amount of $1,317,500. The settlement agreement requires each member of the Proposed Class(es) to execute a Release of Claims, by which the releasing party releases its individual claims against ALFI, and release its claims arising from the lawsuit or the 1995-1, 1995-2 and 1995-3 Trusts against ALFI's former or current parent company, INA Corporation and American Adjustment Company. Within 60 days of the effective date of the Settlement Agreement, (defined as the latter of the date on which (i) the Court approves the Class Motion or approves the action under the Complaint as a class action and certifies the class plaintiffs, and (ii) the Court enters an order approving the Settlement Agreement), if one or more class members has not executed a Release, the Settlement Fund will be reduced pro rata (after payment of all Plaintiffs' approved attorneys' fees, expenses and costs from the Settlement Fund) based upon the pro rata share of the class members not executing releases, and the amount of the pro rata reduction, plus any accrued interest, shall be returned to ALFI. In addition, if after 60 days from the effective date of the settlement, more than 10 percent of the Certificate Holders have not released their claims, ALFI will have the right to terminate the settlement agreement upon written notice to Plaintiffs of its

election to terminate. In that event, the settlement agreement will be null and void, the settlement funds will be returned to ALFI, and the litigation will continue.

**Value of the Settlement**

Plaintiffs will propose and request the Court approve allocation and distribution of the Settlement Fund among the subclasses based upon a ratio showing each Trust's alleged shortfall as a percentage of the combined alleged shortfall of the three Trusts. These percentages are: 1995-1 -- 30.33 percent of the total shortfall; 1995-2 -- 45.67 percent of the total; 1995-3 -- 23.99 percent of the total. Settlement Claims will be payable to class members based upon each class member's pro rata share of the net settlement fund allocated for distribution to each subclass.

This Settlement Fund would be reduced by the amount of fees and expenses of class counsel, including expert witness fees, which the Court may allow. Plaintiffs expect to request fees and costs of approximately $649,000. Plaintiffs' counsel will apply to the Court for approval of these fees and costs. Pursuant to their agreements with counsel, many (but not all) class members have paid to counsel retainer amounts totaling $318,415.10. Thus, Plaintiffs will seek Court approval that $318,415 of the fees requested will be used to first reimburse each class member for the retainer amount it paid. The balance of the fees and costs approved will be paid to Mackall, Crounse & Moore. The net amount of the Settlement Fund will then be allocated for distribution to each Certificate Holder signing a Release and filing a Proof of Claim. The net Settlement Fund shall be allocated to the subclasses based upon their respective pro rata shares, as described above. Each Class A Certificate Holder's share of the Settlement Fund will be based upon its pro rata interest in the net subclass distribution.

**Reasons for the Settlement**

Based upon the facts developed in Plaintiffs' investigation, Plaintiffs and their counsel have considered (i) ALFI's financial condition; (ii) ALFI's representations that it is winding down its business; (iii) ALFI's financial statements; (iv) ALFI's net worth; (v) a sworn Declaration that shows ALFI's business and financial condition as of December 31, 2001; (vi) the consequent substantial risk that even should Plaintiffs prevail in the lawsuit they would be unable to collect any judgment; (vii) the risks attendant to litigation and the uncertainty of a positive outcome of the Lawsuit; (viii) ALFI's continued denial of any and all liability in this lawsuit, including its denial of any wrongdoing or breach of any legal obligation; (ix) the benefits to the Class arising from each Certificate Holder receiving some additional return(s) from their purchase of Certificates in the Trusts; and (x) the conclusion of Plaintiffs and their counsel that, under the circumstances, the terms and conditions of the Settlement are fair, reasonable and adequate and that it is in the best interests of plaintiffs and the Class to settle the Lawsuit.

**Releases**

In exchange for the Settlement Payments, Plaintiffs shall dismiss their Amended Complaint, which includes the claims of the class, with prejudice and without costs, which dismissal will be approved in a final judgment approving the settlement. All members of the class will be bound by any final judgment entered by the court. In addition, and as part of the settlement agreement, each class member must sign a Release of Claims giving up any right to sue ALFI for any reason, and ALFI or its former or current parent company, that is, INA Corporation and American Adjustment Company, and their employees and agents, for all claims based upon the 1995 Trusts and ALFI'S role as Servicer to the 1995-1, 1995-2 and 1995-3 Trusts.

**Right to Appear and Object**

Any member of the Class who objects to: (i) the Settlement; (ii) the class action determination; (iii) the adequacy of representation by Plaintiffs and their counsel; (iv) dismissal of the Lawsuit; (v) the judgment to be entered with respect to the Lawsuit; (vi) Plaintiffs' counsel's application for fees and reimbursement of costs and expenses in the Lawsuit; or (vii) who otherwise wishes to be heard, may appear in person or by its attorney at its own costs at the Settlement Hearing and present evidence or argument that may be proper and relevant.

Any class member who wants to do so, however, not later than August 29, 2002, a date seven calendar days before the Settlement Hearing, must file with the Clerk of Court (i) a written notice of intention to appear, (ii) a statement of such person's objections to any matters before the Court, (iii) the grounds thereof or the reasons for such person's desiring to appear and be heard, as well as all documents or writings such person desires the Court to consider. Any such objection to the settlement must begin with the following statement: "I object to the proposed settlement in First National Bank (Fulda), et al. v. American Lenders Facilities, Inc., Court File Number CT-00-269-JRT/RLE." All objections must state the objector's name and address. At the same time, copies of all such written objections must be mailed to the following counsel of record:

Mackall, Crounse & Moore
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55416
Attention: Lawrence R. Commers, Esq.

O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Attention: Philip R. Kaplan, Esq.

If you do not object to the Settlement or the request by Plaintiffs' counsel for an award of attorneys' fees or expenses, you need not appear for the hearing. Unless the Court otherwise

directs for good cause shown, no person will be entitled to object to the approval of the Settlement, the class action determination, the judgment to be entered in the Lawsuit, or the award of attorneys' fees and expenses to Plaintiffs' counsel, or will otherwise be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner prescribed above will be deemed to have waived the right to object (including the right to appeal) and will be forever barred from raising such objection in this or any other action or proceeding.

## The Court Hearing

The class certification and proposed Settlement Agreement must be finally approved by the Court. On September 5, 2002, at 9:00 a.m., in the United States District Court, District of Minnesota, 300 South Fourth Street, Minneapolis, Minnesota, before the Honorable John R. Tunheim, Courtroom 13, a hearing will be held on whether the proposed Settlement should be approved as fair, reasonable and adequate.

If you file a timely written objection, you may appear at the hearing in person or through an attorney retained at your own expense. If you wish to appear at the hearing to object to the settlement, you must notify the court and counsel in writing of your intention to do so, with your written objection filed as described above. Do not call or personally contact the Court about the matters set forth in this notice.

**Order and Final Judgment of the Court**

If the Court determines the Settlement is fair, reasonable, adequate and in the best interests of the Class, the parties will ask the Court to enter an Order and Final Judgment. The Order and Final Judgment shall, among other things:

1. permanently certify the Class, including Subclasses, for purposes of the Settlement pursuant to the Rules of Civil Procedure 23(b);
2. approve the Settlement and judge the terms to be fair, reasonable, adequate and in the best interests of the Class;
3. authorize and direct performance of the Settlement in accordance with its terms and conditions and reserve jurisdiction to supervise the finalization of the Settlement; and
4. dismiss the Lawsuit with prejudice on the merits and release ALFI from the Settled Claims.

**Examination of Papers**

This Notice is not all-inclusive. The references in this Notice to the pleadings in the Lawsuit, the Settlement Agreement and other papers and proceedings are only summaries and do not purport to be comprehensive. For the full details of the Lawsuit, the claims which have been asserted by the parties and the terms and conditions of the Settlement, members of the Class are referred to the Court files in this Lawsuit. You may inspect the complete Settlement Agreement, the Amended Complaint, and other papers filed in this lawsuit during hours of 8:00 a.m. to 5:00 p.m., Monday through Friday, at the office of the Clerk of Court, United States District Court, 300 South Fourth Street, Minneapolis, Minnesota.

**Additional Information**

DO NOT CONTACT THE COURT CONCERNING THIS NOTICE OR THE LAWSUIT. If you have any questions, contact either your own attorney, Plaintiffs' Counsel or ALFI's Counsel at the following respective addresses.

Plaintiffs' Counsel
Lawrence R. Commers, Esq. (lrc@mcmlaw.com)
Shane H. Anderson, Esq. (sha@mcmlaw.com)
Mackall, Crounse & Moore
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
Phone: (612) 305-1400
Fax: (612) 305-1414

ALFI's Counsel
Philip R. Kaplan, Esq. (pkaplan@omm.com)
Amy J. Longo, Esq. (alongo@omm.com)
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Phone: (949)760-9600
Fax: (949)823-6994

Dated: July ___, 2002

BY ORDER OF THE COURT

/s/ John R. Tunheim, Judge

SHA/jas/619715.8